UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNAE L. SANDERS,

    Plaintiff,

v.                                                                   Case No. 10-15041

MICHIGAN DEPARTMENT OF                         HONORABLE AVERN COHN
CORRECTIONS, et al.,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY (30) DAYS**

### I. Introduction

This is an employment discrimination case. Plaintiff Annae Sanders filed a complaint against the following defendants: (1) the Michigan Department of Corrections (MDOC); (2) Mound Correctional Facility; (3) Heidi Washington; (4) Bruce Curtis; (5) Jodi De Angelo; (6) Chris Crysler; (7) Darryl Steward; and (8) Gary Mann. She claims race and gender discrimination and retaliation under state and federal law.

Before the Court is defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Court held a hearing on the motion on May 4, 2010. This order memorializes the Court's rulings at the hearing. For the reasons that follow, the motion will be granted in part and denied in part. Plaintiff shall file an amended complaint within thirty (30) days consistent with this order.

## II.  Background

The complaint asserts the following claims:

| | |
|---|---|
| Count I | Violation of Title VII, Race and Gender Discrimination based on Disparate Treatment |
| Count II | Violation of Title VII, Retaliation |
| Count III | Violation of Title VII, Race and Gender Discrimination based on Hostile Work Environment |
| Count IV | Violation of ELCRA, Race and Gender Discrimination, Disparate Treatment |
| Count V | Violation of ELCRA, Race and Gender Discrimination, Hostile Work Environment |
| Count VI | Violation of ELCRA, Retaliation |
| Count VII | Violation of § 1983, 14th Amendment Equal Protection |
| Count VIII | Gross Negligence |

## III.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007).  The court is "not bound to accept as true a legal conclusion couched as factual allegation."  Ashcroft v. Iqbal, _____ U.S. _____, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation removed).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Id.

## IV.  Analysis

### A.  Mound Correctional Facility

Mound Correctional Facility is not a proper defendant because it is an institution operated by the MDOC and not a "person" or legal entity subject to suit under 42 U.S.C. § 1983.  See Brooks v. Huron Valley Men's Prison, No. 2:06-CV-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug.21, 2006).  Mound Correctional Facility is therefore DISMISSED.

### B.  Counts I, II, and III - Title VII Claims

As stated at the hearing, plaintiff's Title VII claims fail because they are not within the scope of her EEOC charge.  See Haithcock v. Frank, 958 F.2d 671, 676 (6th Cir. 1992) (citing Equal Employment Opportunity Commission v. McCall Printing Corp., 633 F.2d 1232, 1235 (6th Cir. 1980)); Jones v. Sumser Retirement Village, 209 F.3d 851, 853 (6th Cir.2000).  Accordingly, Counts I, II, and III are DISMISSED.

### C.  Counts IV, V, and VI - ELCRA

#### 1.  The MDOC and the Individual Defendants in their Official Capacities

Plaintiff's claims against the MDOC and the individual defendants in their official capacities for violation of the ELCRA are barred by the Eleventh Amendment.  See Welch v. Texas Dep't. of Highways and Public Transp., 483 U.S. 468, 472-74 (1987); Freeman v. Michigan, 808 F.2d 1174, 1179 (6th Cir. 1987); Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008), citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  Accordingly, plaintiff's ELCRA claims against the MDOC and the individual defendants in their official capacities are DISMISSED.

### 2. The Individual Defendants in their Individual Capacities

Defendants have not moved for dismissal of plaintiff's ELCRA claims against the individual defendants in their individual capacities. Accordingly, these claims continue.

### D.  Count VII - § 1983

### 1. The MDOC and the Individual Defendants in their Official Capacities

Count VII claims an equal protection violation under § 1983 against all defendants. Like her ELCRA claim, plaintiff's § 1983 claim against the MDOC and the individual defendants in their official capacities are subject to dismissal based upon Eleventh Amendment immunity. See Will v. Michigan Dep't. of State Police, 491 U.S. 58, 66-71 (1989); Thiokol Corp. v. Dep't. of Treasury, State of Mich., Revenue Div., 987 F.2d 376, 381 (6th Cir.1993); Turnboe v. Stegall, No. 00-1182, 2000 WL 1679478, *2 (6th Cir. Nov.1, 2000) (unpublished); Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Accordingly, Count VII is DISMISSED against the MDOC and defendants in their official capacities.

### 2. The Individual Defendants in their Individual Capacities

As stated at the hearing, to the extent plaintiff is claiming an equal protection violation based on her complaints in the work place, i.e. being in a class-of-one, this claim must be dismissed. See Engquist v. Oregon Dep't of Agric., 553 U.S. 591 (2008). To the extent her equal protection claim is based on being a member of protected classes, it is not subject to dismissal. Plaintiff must plead this claim with more specificity in her amended complaint before the Court can determine whether it survives.

### E.  Count VIII - Gross Negligence

#### 1.  The MDOC and the Individual Defendants in their Official Capacities

Plaintiff's gross negligence claim against the MDOC and the individual defendants in their official capacities is barred by the Eleventh Amendment. See Fletcher v. Michigan Dep't of Corrections, 2010 WL 1286310, *6 (E.D. Mich. Mar. 30, 2010).  As such, Count VIII is DISMISSED against the MDOC and the individual defendants in their official capacities.

#### 2.  The Individual Defendants in their Individual Capacities

Defendants have not moved for dismissal of plaintiff's gross negligence claim against the individual defendants in their individual capacity.[1]

## V.  Conclusion

### A.

For the reasons stated above, defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART.

Mound Correctional Facility is DISMISSED.

Plaintiff's Title VII claims under Counts I, II, and III, are DISMISSED.

Plaintiff's ELCRA claims under Counts IV, V, and VI are DISMISSED against the MDOC and the defendants in their official capacity.

Plaintiff's Equal Protection Claim under § 1983 under Count VII is DISMISSED

---

[1] Defendants have argued for dismissal of all of plaintiff's federal claims. Defendants further argued that if all the federal claims were dismissed, that the Court decline to exercise supplemental jurisdiction over the state law claims.  Because, however, the Court has not yet determined whether plaintiff's § 1983 claim against the individual defendants survives, it cannot entertain defendants' request regarding supplemental jurisdiction at this time.

against the MDOC and the defendants in their official capacity.

Plaintiff's Gross Negligence claim under Count VIII is DISMISSED against the MDOC and the defendants in their official capacity.

**B.**

The case continues, for now, on:

Plaintiff's ELCRA claims under Counts IV, V and VI against the individual defendants in their individual capacities.

Plaintiff's Equal Protection Claim under Count VII against the individual defendants in their individual capacities, subject to proper amendment.

Plaintiff's Gross Negligence Claim under Count VIII against the individual defendants in their individual capacities.

Plaintiff shall file an amended complaint within thirty (30) days consistent with this order. As further explained at the hearing, the amended complaint shall clearly identify the responsible party or parties involved and the promotions plaintiff claims she was denied, and the basis for the denial (race and or gender discrimination).

SO ORDERED.


Dated: May 12, 2011         s/Avern Cohn
                            AVERN COHN
                            UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 12, 2011, by electronic and/or ordinary mail.

                            s/Julie Owens
                            Case Manager, (313) 234-5160