UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNAE L. SANDERS,

    Plaintiff,

v.                                      Case No. 10-15041

MICHIGAN DEPARTMENT OF        HONORABLE AVERN COHN
CORRECTIONS, et al.,

    Defendants.

_____/

## MEMORANDUM AND ORDER
## GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND CASE CAPTION
## AND
## DENYING DEFENDANTS'S MOTION TO DISMISS[1]

### I. Introduction

This is an employment discrimination case. Unfortunately, it has moved sideways rather than forward. Plaintiff Annael Sanders sued defendants, the Michigan Department of Corrections (MDOC), Mound Correctional Facility (Mound), Heidi Washington, Bruce Curtis, Jodi De Angelo, Chris Crysler, Darryl Steward, and Gary Mann claiming race and gender discrimination and retaliation under state and federal law. Defendants filed a motion to dismiss. Doc. 3. The Court granted in part and denied in part the motion, and directed plaintiff to file an amended complaint within thirty (30) days. Doc. 12. Essentially, the Court dismissed all of plaintiff's claims against the MDOC, Mound, and the individual defendants in their official capacities. Unfortunately, the amended complaint plaintiff filed,

---

[1]Theses motions were originally scheduled for hearing. However, upon review of the parties' papers, the motions are appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Doc. 13, was not consistent with the Court's order. As a result, defendants filed a second Motion to Dismiss, Doc. 15, and plaintiff filed a Motion to Amend Complaint and Case Caption, Doc. 18.[3] Both motions are before the Court. For the reasons that follow, plaintiff's motion is GRANTED. Defendants's motion is DENIED. The Second Amended Complaint is the governing complaint.

## II.  Background

### A.  Generally

Plaintiff, an African-American female, is an employee of the Michigan Department of Corrections originally assigned to work at the Robert Scott Correctional Facility. Plaintiff essentially claims that she reported various work rule violations and was the subject of unlawful discrimination and retaliation. When the Scott facility closed, plaintiff was re-assigned to the Mound Correctional Facility. Id. at ¶ 26.

Plaintiff alleges that while at the Mound Facility, she continued to report work

---

[2]The Court is constrained comment on the format of the parties' papers. Defendants, continuing on what has been an Attorney General's office trend, cite every authority in a footnote. Plaintiff did the same. Another judge in this district has this to say, "[t]his practice is distracting to a reader and unacceptable to this judge." Mosholder v. Barnhardt, No. 09-CV-11829, 2010 WL 5559406 * 1 (E.D. Mich. Feb. 12, 2010). Id. Additionally, both parties used a smaller type size for the footnotes, in direct contravention of E.D. Mich. LR 5.1(a)(3). While this Court is not inclined to strike the papers, particularly given that the docket is already filled with procedural papers, the parties are cautioned against continuing to use this format.

[3]Further exacerbating the procedural morass is that on July 5, 2011, after realizing that the amended complaint was not consistent with the Court's order, plaintiff filed a proposed Second Amended Complaint freestanding and without leave of Court, Doc. 17. Plaintiff realized the error and on July 8, 2011, filed the motion to amend. Not satisfied, on July 14, 2011, defendants filed a Motion to Strike Improper ECF Filing Until Plaintiff's Motion to Amend Complaint is Decided, Doc. 22, seeking to strike the Second Amended Complaint which had been filed freestanding. The Court denied defendants' motion to strike as MOOT. Doc. 24.

violations (e.g. reported miscalculations of annual leave to Warden Jeff White) and be subjected to harassment.

### B. The Complaint and Defendants's First Motion to Dismiss

Plaintiff sued the Michigan Department of Corrections, Mound Correctional Facility, Heidi Washington, Bruce Curtis, Jodi De Angelo, Chris Crysler, Darryl Steward, and Gary Mann alleging violations of Title VII, the Michigan Elliot-Larsen Civil Rights Act (ELCRA), M.C.L. §§ 37.2101 et seq, 42 U.S.C. § 1983, and gross negligence.  The individual defendants were sued in both their individual and official capacities.  Id. at ¶5.

The complaint asserted the following claims:

| | | |
|---|---|---|
| Count I | Violation of Title VII, Race and Gender Discrimination based on Disparate Treatment |
| Count II | Violation of Title VII, Retaliation |
| Count III | Violation of Title VII, Race and Gender Discrimination based on Hostile Work Environment |
| Count IV | Violation of ELCRA, Race and Gender Discrimination, Disparate Treatment |
| Count V | Violation of ELCRA, Race and Gender Discrimination, Hostile Work Environment |
| Count VI | Violation of ELCRA, Retaliation |
| Count VII | Violation of § 1983, 14th Amendment Equal Protection |
| Count VIII | Gross Negligence |

On defendants' motion to dismiss, the Court dismissed all of the claims against the MDOC, Mound, and the individuals in their official capacities.  With regard to plaintiff's § 1983 claim against the individuals in their individual capacities, the Court said:

> . . . to the extent to the extent plaintiff is claiming an equal protection violation based on her complaints in the work place, i.e. being in a class-of-one, this claim

> must be dismissed.  See Engquist v. Oregon Dep't of Agric., 553 U.S. 591 (2008). To the extent her equal protection claim is based on being a member of protected classes, it is not subject to dismissal.  Plaintiff must plead this claim with more specificity in her amended complaint before the Court can determine whether it survives.

Doc. 12, p. 4.

The Court summed up the state of the case as follows:

> The case continues, for now, on:
>     Plaintiff's ELCRA claims under Counts IV, V and VI against the individual defendants in their individual capacities.
>     Plaintiff's Equal Protection Claim under Count VII against the individual defendants in their individual capacities, subject to proper amendment.
>     Plaintiff's Gross Negligence Claim under Count VIII against the individual defendants in their individual capacities.
>     Plaintiff shall file an amended complaint within thirty (30) days consistent with this order.  As further explained at the hearing, the amended complaint shall clearly identify the responsible party or parties involved and the promotions plaintiff claims she was denied, and the basis for the denial (race and or gender discrimination).

Id. at p. 6

### C. The First Amended Complaint and Defendants's Second Motion to Dismiss

On June 3, 2011, plaintiff filed a First Amended Complaint and Jury Demand (FAC). The FAC was supposed to conform with the Court's May 12, 2011 order.  It did not. Plaintiff still listed the MDOC in the case caption, although the body of the complaint contained no allegations against the MDOC.  She also named the individuals in their official capacities.  She also failed to include the gross negligence claim.

Also, according to defendants, the FAC shows that the only individual involved in the discriminatory actions against plaintiff is Bruce Curtis.  Finally, defendants say that plaintiff's Equal Protection claim is based only on reporting work rules violations, not her race.  Thus, the claim must be dismissed.

In response, plaintiff admitted the errors in case caption and in not including a gross

negligence claims. She says that is why she asked for leave to file a Second Amended Complaint (SAC). She denies that Curtis is the only responsible defendant. She also points out she omitted Jodi DeAngelo as a defendant because she is an alleged comparable, not a wrong-doer. Finally, she says she has plead an Equal Protection claim, emphasizing that the FAC and the SAC both alleged that she was discriminated against because of her race and gender.

### D. The Motion to Amend and Second Amended Complaint

Plaintiff seeks leave to file a SAC which corrects the errors in the case caption and repleads the gross negligence claim. In response, defendants explain that plaintiff had no right under Rule 15 to file the SAC without leave and that the Court should first rule on the adequacy of the FAC before determining whether to permit the filing of the SAC.

### III. Legal Standards

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as factual allegation." Ashcroft v. Iqbal, _____ U.S. _____, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation removed). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions

5

can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Id. at 1940.

Under Fed. R. Civ. P. 15(a), a party may amend their pleadings after 20 days "only by leave of court or by written consent of the adverse party; and leave to amend pleadings "shall be freely given when justice so requires."  The decision whether or not to permit the amendment is committed to the discretion of the trial court.  See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980).

### IV.  Analysis[4]

Despite defendants arguments to the contrary, the better course to move the case forward is to allow plaintiff to file the SAC and evaluate defendants' arguments based on the allegations in the SAC.  The SAC asserts the following claims:

Count I         Violation of ELCRA, Disparate Treatment

Count II        Violation of ELCRA, Hostile Work Environment

Count III       Violation of ELCRA, Retaliation

---

[4]As an initial matter, plaintiff has not named Jodi DeAngelo as a defendant in the SAC.  Accordingly, Jodi DeAngelo is DISMISSED as a party in the case.

Count IV       Violation of § 1983, 14th Amendment Equal Protection

Count V        Gross Negligence

Defendants say that while plaintiff identified the promotions she was denied, the only individual allegedly associate with those promotions is Bruce Curtis. Thus, Counts I, III, and IV must be dismissed as to the remaining defendants. In response, plaintiff says that although Curtis may have been the main actor, she has alleged that the other defendants engaged in discriminatory actions (frivolous disciplinary actions) which tainted her reputation and work record and played a significant role in her not receiving the promotions. She alleges these defendants took such actions against her based on race and gender. Defendants argument is more appropriately considered following discovery.

Defendants next argue that Count II must be dismissed because plaintiff's hostile work environment claim is based solely on reporting work rule violations, not on the basis of her race. Plaintiff denies this and points to allegations in the complaint that say she was subjected to a hostile work environment because of her race and gender. Again, defendants argument is more appropriate after discovery.

SO ORDERED.

Dated: September 8, 2011          S/Avern Cohn
                                             AVERN COHN
                                             UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 8, 2011, by electronic and/or ordinary mail.

                                                     S/Julie Owens
                                                   Case Manager, (313) 234-5160